## CIRCUIT COURT OF THE CITY OF NORFOLK

Bob L. Towe

v.

Southern Ry. Co.

September 17, 1986

Case No. (Law) L-86-728

BY JUDGE JOHN W. WINSTON

Alleging forum non conveniens Southern Railway Company (Southern) has moved to dismiss this litigation or at least to transfer it to the more convenient forum of Bristol, Virginia. Plaintiff Towe opposes both efforts.

Section 6 of the Federal Employers' Liability Act (45 USCA § 56) allows an injured railroad employee or his estate to seek money damages from his employer in either a state or federal court. He is required to file his suit either in a court located where the employer is a resident or is doing business or where the accident occurred. Towe elected to sue Southern in the Circuit Court of the City of Norfolk because Southern is a Virginia Corporation and does business in Norfolk.

Southern is entitled to successfully contest the designation of the forum court if that court concludes that the equities favor another forum and the railroad timely raises the issue. See 28 USCA § 1404(a) and *Baltimore and Ohio R. Co. v. Kepner*, 314 U.S. 44 (1941); *Miles v. Illinois Central R. Co.*, 315 U.S. 698 (1942), and *Southern R. Co. v. Mayfield*, 340 U.S. 1 (1950).

When the selected forum is a state court as here, that court is required to follow the venue standards of the state in which it is located.

Hence we must look to the provisions of Code of Virginia, §§ 8.01-257 et seq., for the applicable venue standards for this case.

Clearly Towe has elected to sue Southern in a permitted forum since Southern is being sued in a personal injury action where it regularly or systematically conducts affairs or business activity. Code § 8.01-262. That is conceded.

But that does not end the matter. For at the least Southern is allowed to request this forum court to transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth and to show good cause for such transfer. In such event Towe may resist and show good cause why the action should remain where he filed it. Good cause is deemed "to include, but not be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." Code § 8.01-265.

And at the most, Southern would be ordinarily entitled to a dismissal (without prejudice) if there is shown to be a more convenient forum only in a jurisdiction outside the Commonwealth of Virginia. But by statute in Virginia the permissible forum court is forbidden to dismiss the action in the latter situation. Code Section 8.01-265. And therein lies the rub. For Towe relies upon the statutory prohibition to avoid possible dismissal and Southern argues that such prohibition is unconstitutional and must be swept aside.

Now what are the uncontradicted facts presented to this forum court which concern venue?

Towe seeks money damages from his employer Southern for injuries received by him while he was working as a member of Southern's crew in Asheville, North Carolina. He alleges that he was attempting to mount a moving freight car when a sill step broke off and he fell. Towe was and is a resident of Asheville. All members of his crew live in the Asheville area. His medical care has been furnished by at least four different doctors who practice in Asheville. He was hospitalized there. All pertinent records are believed to be maintained there. All known witnesses are in or near Asheville and none are in Virgin-

ia. And Southern is amenable to the process of state and federal courts in Asheville.

None of these facts are contradicted by Towe who relies entirely upon his right to select as his forum a court wherever Southern is a resident or is doing business. He claims no other connection between his action and this Circuit Court of the City of Norfolk.

These facts make for good cause (as defined in the statute) for this court to dismiss Towe's action since without any doubt the most convenient forum court for it to be tried in is located in Asheville, North Carolina. the distance of some 390 miles between Norfolk, Virginia, and Asheville, North Carolina, together with the above facts demonstrate how vexatious and oppressive it is for the action to proceed in Norfolk and how offensive the continuance of the suit here would be to the traditional notions of fair play and substantial justice.

But for the existence of the statutory prohibition in Code § 8.01-265 this court could then order the dismissal of this action.

Southern argues that such statutory prohibition does not prevent this court from doing just that because that portion of Code § 8.01-265 is not constitutional. Towe of course disagrees.

This court recognizes that the statutes enacted by the Virginia legislature are presumed to be valid and that such presumption is not to be taken lightly. Yet a study of the briefs of the parties and of the constitutional provisions that are relied upon and the cases cited now convinces the court that this statutory prohibition violates provisions of the United States Constitution.

Article IV, Section 2, of the United States Constitution provides that "the Citizens of each State shall be entitled to all the Privileges and Immunities of citizens in the several States."

And the 14th Amendment to the United States Constitution provides in Section 1 that "no State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States. . . nor deny to any person within its jurisdiction the equal protection of its laws."

These provisions mean that the laws enacted by our legislature must apply equally to all citizens, residents, and persons, whether they be individuals or corporations or other entities, and who come within their jurisdiction.

Here it has been shown that the broad policy of the Commonwealth is to deal with all its litigants fairly. For it states that:

It is the intent of this Chapter (Chapter V, Venue) that every action shall be commenced and tried in a forum convenient to the parties and witnesses, where justice can be administered without prejudice or delay. Code § 8.01-257.

And the legislature has then identified a broad spectrum of forums where actions either must be or may be filed, Code §§ 8.01-261 and 8.01-262, followed by an authorization for the judges of its courts to transfer or retain any action for good cause shown, such good cause including but not being limited to the avoidance of substantial inconvenience of the parties. Code Section 8.01-265.

But having stated that policy and intent and having identified the forums where all Virginia actions should or can be filed, the legislature has then proceeded to limit the remedy of the forum court when a proper but inconvenient forum has been chosen by a plaintiff. For it has declared that if a more convenient forum is available in Virginia then the forum court may transfer the action there. But it has further declared that if no such more convenient forum exists in Virginia but does exist outside of the Commonwealth then a dismissal (without prejudice) cannot be accomplished. And that the inconvenienced defendant will just have to stay in the forum court where it is although such defendant is prejudiced by that event. Thus even though every action is to be commenced and tried in a forum which is convenient to the parties and witnesses, where justice can be administered without prejudice or delay, this laudatory policy only applies to defendants who can find such a forum within the geographical limits of Virginia. Those who cannot are just out of luck.

Such a classification of defendants as "haves" and "have nots" is not constitutionally acceptable because our laws must be applied equally to all litigants or be struck down. No rational logical explanation has been put forward to justify this legislative classification and it must therefore fail. See *Power Mfg. Co. v. Saunders*, 274 U.S. 490 (1927).

It is of interest to note that when the Virginia Code Commission made its report to the Governor and the General Assembly in 1977 and offered a total proposed recodification of Title 8 of the Code of Virginia (to prepare a modern system for the trial of civil actions in Virginia courts), the new proposed § 8.01-265 allowed the transfer of a personal injury action to any fair and convenient forum having jurisdiction within the Commonwealth.

But the Commission did not propose that the forum court also be prohibited from dismissing such an action because there was a more convenient forum outside the Commonwealth. That was put in by the legislature when it adopted proposed Title 8.01. See Acts of Assembly, Volume 2, Chapter 617, Virginia Session 1977.

But declaring the prohibition contained in Code Section 8.01-265 unconstitutional does not end this matter. For now the venue statutes of Virginia must be applied as they read without that offending language. That reading requires this forum court to observe that our legislature is intent on trials being conducted in a fair forum convenient to the parties and the witnesses and that for good cause shown a transfer within the Commonwealth to such a forum may be ordered. Code §§ 8.01-257 and 8.01-265. It follows that the legislative intent is to transfer rather than dismiss if that is possible. (Of course federal courts may transfer across state lines. Title 28 USCA, Section 1404(a). State courts cannot.)

Here dismissal is factually inappropriate because Southern has identified the Circuit Court of the City of Bristol, Virginia, as a fair and convenient forum for the trial of this action. Assuming that Bristol, Virginia, is a city where Southern resides or is doing business or regularly conducts affairs or business activity then the equities here clearly favor a transfer of this action to that court for the convenience of the parties and their witnesses. For Bristol is only some 90 miles from Asheville whereas as already indicated Norfolk is some 390 miles from that city. This court will so order.

(Knowing that Judge James of this Court had these same issues under consideration, I wrote this opinion, then discussed it with him after he was ready to rule. His oral decision, now released, differs from mine. But I have considered his reasoning, respectfully disagree with it, and now release by own opinion without change.

As I understand it Judge James feels that the statutory prohibition against dismissing F.E.L.A. actions when the more convenient forum is only out of state does not violate any constitutional provisions. And he further feels that the plaintiff's authority to select his forum in which to enforce this federally created cause of action is so imperative that it should not be reconsidered in most instances. I continue to feel that the statutory dismissal prohibition violates U.S. constitutional protections. And that while originally the selection of his forum was the employee's right and no one else's (provided it conformed to the statutory scheme), his selection is now a qualified right only, evenly balanced by the employer's right to suggest and factually support a transfer of the action to a more convenient forum. Had interstate transfers of these actions been legally available to this state court, I would have certainly transferred it to a court in Asheville, North Carolina, for trial. For a state or federal court there would have been by far the most convenient forum anywhere under our facts and the law. And had a more convenient Virginia forum court not been factually suggested, without hesitation under our facts I would have dismissed this action, without prejudice to plaintiff's right to refile it outside of Virginia. The Bristol, Virginia, forum was selected, though it is not as convenient as an Asheville one, because of the policy of our legislature favoring transfers within the state if possible and because on balance it fits the requirements of a more convenient forum than Norfolk to the greatest extent possible within the geographic limits of Virginia.)