No. 87-133

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

R. WESLEY MAPSTON, Personal Representative
of the Estate of RAEGAN ANN MAPSTON, and
R. WESLEY MAPSTON and CAROL SUE MAPSTON,

        Plaintiffs and Appellants,

  -vs-

JOINT SCHOOL DISTRICT NO. 8, LAKE,
MISSOULA, SANDERS COUNTIES and
GLEN  PAULSON,

        Defendants and Respondent.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
            In and for the County of Missoula,
            The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Victor F. Valgenti, Missoula, Montana

    For Respondent:

        Worden, Thane & Haines; Sam Warren, Missoula,
        Montana

_____

Submitted on Briefs: June 11, 1987

Decided: July 29, 1987

Filed: JUL 29 1987

*Ethel M. Harrison*
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


This is an appeal from the Fourth Judicial District, Missoula County, Montana, from an order granting defendant's motion for a change of venue from Missoula County to Lake County.

We affirm the District Court.

The sole issue raised on appeal is whether Lake County is the proper county of venue for this tort action.

The facts in this case are simple, but tragic. Raegan Ann Mapston and another female student were killed on December 29, 1983 when the tractor tire innertube which they were using as a sled, hit a tree. The sledding outing was a school sponsored event supervised by Glen Paulson, a teacher at the Arlee High School. The accident occurred on a steep snow covered hill in the Jocko Canyon area of Lake County, Montana. Raegan was a 15 year old freshman at Arlee High School at the time of her death. She lived with her parents in Missoula County and was bused to high school in Arlee, which is located in Lake County.

Joint School District No. 8 services Lake, Missoula and Sanders counties. Approximately two thirds of the students who attend school within the district reside in Lake County. The principal offices of the school district are located in the Arlee High School. All permanent physical facilities of the school district are located in Lake County. The sledding accident occurred in Lake County.

Appellant agrees that defendant, Glen Paulson, resides in Lake County. Appellant also acknowledges that the alleged tort was committed in Lake County. However, appellant

asserts that § 25-2-122, MCA, which would unequivocally place this tort action as properly triable in Lake County, is not controlling. Appellant contends that § 25-2-126, MCA, is the decisive statute and, as worded, labels Missoula County as a proper place of venue. We disagree. The pertinent language in § 25-2-126(3) states:

> (3) The proper place of trial against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located.

Case law in Montana has not addressed whether a school district is properly labeled a "political subdivision." As this case can be decided without making such a distinction, we will not address it here.

Montana case law has analyzed the question of venue concerning a Montana corporation which does business in more than one county within the State. In such cases, this Court has held that a corporation does not reside in _any_ county in which it happens to do business. A corporation in Montana has only one residence. That residence is the county in which it has it's principal place of business. Platt v. Sears, Roebuck & Co. (Mont. 1986), 721 P.2d 336, 338, 43 St.Rep. 1160, 1162.

Although a school district is not a corporation, it is similar in that it has a principal place of business which is easily identifiable.

In the present case some students attend Arlee High School in Lake County while residing in Missoula and Sanders counties for reasons of convenience and efficiency. The district includes these families living outside of Lake County because they live closer to the Arlee School than to the those located in their own respective counties. The extent of the school district's contact with Missoula County

- 3 -

is when buses cross the county border, pick the children up, take them to school and return them to their homes in the afternoon. This limited contact with Missoula County does not make it a county in which a school district, primarily located in and operating from Lake County, can be sued.

The proper place for a tort action is: (1) the county in which defendants, or any of them, reside at the commencement of the action; or (2) the county where the tort was committed. Section 25-2-122, MCA. See also Bradley v. Valmont Industries, Inc. (Mont. 1985), 701 P.2d 997, 998, 42 St.Rep. 925, 927.

The proper county in which to try this tort action is Lake County.

The order of the District Court granting defendant's motion for a change of venue to Lake County is affirmed.

_____
Justice

We Concur:

_____

_____

_____
Justices