BURLINGTON NORTHERN RAILROAD CO. *v.* FORD
ET AL.

No. 91–779.   Argued April 20, 1992—Decided June 12, 1992

SOUTER, J., delivered the opinion for a unanimous Court.

*Betty Jo Christian* argued the cause for petitioner.   With
her on the briefs were *Charles G. Cole, Jerald S. Howe, Jr.,
Virginia L. White-Mahaffey, Edmund W. Burke,* and *Richard V. Wicka.*

*Joel I. Klein* argued the cause for respondents. With him on the brief was *Robert S. Fain, Jr.**

JUSTICE SOUTER delivered the opinion of the Court.

Montana's venue rules permit a plaintiff to sue a corporation incorporated in that State only in the county of its principal place of business, but permit suit in any county against a corporation incorporated elsewhere. This case presents the question whether the distinction in treatment offends the Equal Protection Clause of the Fourteenth Amendment, U. S. Const., Amdt. 14, § 1. We hold that it does not.

Respondents William D. Ford and Thomas L. Johnson were employed by petitioner Burlington Northern Railroad Company, a corporation owing its existence to the laws of Delaware and having a principal place of business in Fort Worth, Texas. Ford and Johnson raised a claim under the Federal Employers' Liability Act (FELA), 35 Stat. 65, as amended, 45 U. S. C. §§ 51–60, and brought suit in the state trial court for Yellowstone County, Montana, alleging injuries sustained while working at Burlington's premises in Sheridan, Wyoming. In each case, Burlington moved to change venue to Hill County, Montana, where it claimed to have its principal place of business in that State. The trial court denied each motion, and Burlington brought interlocutory appeals.

---

*Briefs of *amici curiae* urging reversal were filed for the Washington Legal Foundation by *Daniel J. Popeo* and *Paul D. Kamenar;* and for the Association of American Railroads by *John H. Broadley, David W. Ogden,* and *Robert W. Blanchette.*

Briefs of *amici curiae* urging affirmance were filed for the State of Montana et al. by *Marc Racicot,* Attorney General of Montana, and *Elizabeth S. Baker,* Assistant Attorney General, and by the Attorneys General for their respective States as follows: *Tom Udall* of New Mexico, *Nicholas J. Spaeth* of North Dakota, *Mark Barnett* of South Dakota, *Dan Morales* of Texas, and *Joseph B. Meyer* of Wyoming; and for the Montana Trial Lawyers Association by *Alexander Blewett III* and *W. William Leaphart.*

The Supreme Court of Montana consolidated the two cases and affirmed the decisions of the trial court. 250 Mont. 188, 819 P. 2d 169 (1991). Under the Montana venue rules, the court said, a foreign corporation may be sued in any of Montana's counties. *Id.*, at 190, 819 P. 2d, at 171. The court rejected Burlington's argument that the State's venue rules worked a discrimination violating the Fourteenth Amendment's Equal Protection Clause. The Montana venue rules, the court explained, were subject merely to rational-basis review, *id.*, at 193, 819 P. 2d, at 173, which was satisfied, at least in these cases, by the consonance of the rules with federal policy, embodied in FELA, of facilitating recovery by injured railroad workers, *id.*, at 194–195, 819 P. 2d, at 173–174. Besides, the court said, Montana's venue rules did not even discriminate against Burlington, since Ford and Johnson could have sued the corporation in the Federal District Court for Montana, which sits in Yellowstone County, among other places. *Id.*, at 197, 819 P. 2d, at 175. We granted certiorari, 502 U. S. 1070 (1992), and, although our reasoning differs from that of the State Supreme Court, now affirm.*

A Montana statute provides that "the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action." Mont. Code Ann. § 25–2–118(1) (1991). But, "if none of the defendants reside in the state, the proper place of trial is any county the plaintiff designates in the complaint." § 25–2–118(2). The Supreme Court of Montana has long held that a corporation does not "reside in the state" for venue purposes unless Montana is its State of incorporation, see, *e. g., Haug* v. *Burlington Northern R. Co.*, 236 Mont. 368, 371, 770 P. 2d 517, 519 (1989); *Foley* v. *General Motors Corp.*, 159 Mont. 469, 472–473, 499 P. 2d 774, 776 (1972); *Hanlon* v. *Great Northern R. Co.*, 83 Mont. 15, 21, 268 P. 547, 549 (1928); *Pue* v. *Northern Pacific R. Co.*, 78 Mont. 40, 43, 252 P. 313, 315

---

*The decision below is final for purposes of 28 U. S. C. § 1257(a). See *American Motorists Ins. Co.* v. *Starnes*, 425 U. S. 637, 642, n. 3 (1976).

(1926), and that a Montana corporation resides in the Montana county in which it has its principal place of business, see, *e. g., Mapston* v. *Joint School District No. 8*, 227 Mont. 521, 523, 740 P. 2d 676, 677 (1987); *Platt* v. *Sears, Roebuck & Co.*, 222 Mont. 184, 187, 721 P. 2d 336, 338 (1986). In combination, these venue rules, with exceptions not here relevant, permit a plaintiff to sue a domestic company in just the one county where it has its principal place of business, while a plaintiff may sue a foreign corporation in any of the State's 56 counties. Burlington claims the distinction offends the Equal Protection Clause.

The Fourteenth Amendment forbids a State to "deny to any person within its jurisdiction the equal protection of the laws." U. S. Const., Amdt. 14, § 1. Because the Montana venue rules neither deprive Burlington of a fundamental right nor classify along suspect lines like race or religion, they do not deny equal protection to Burlington unless they fail in rationally furthering legitimate state ends. See, *e. g., United States* v. *Sperry Corp.*, 493 U. S. 52, 64 (1989); *Dallas* v. *Stanglin*, 490 U. S. 19, 25 (1989).

Venue rules generally reflect equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial. See, *e. g., Citizens & Southern Nat. Bank* v. *Bougas*, 434 U. S. 35, 44, n. 10 (1977); *Denver & R. G. W. R. Co.* v. *Trainmen*, 387 U. S. 556, 560 (1967); *Van Dusen* v. *Barrack*, 376 U. S. 612, 623 (1964); F. James & G. Hazard, Civil Procedure 47 (3d ed. 1985). The forum preferable to one party may be undesirable to another, and the adjustment of such warring interests is a valid state concern. Cf. *United States Railroad Retirement Bd.* v. *Fritz*, 449 U. S. 166, 178 (1980). In striking the balance between them, a State may have a number of choices, any of which would survive scrutiny, each of them passable under the standard tolerating some play in the joints of governmental machinery. See *Bain Peanut Co. of Texas* v. *Pinson*, 282 U. S. 499, 501 (1931). Thus, we have no doubt that a State would act within its

constitutional prerogatives if it were to give so much weight to the interests of plaintiffs as to allow them to sue in the counties of their choice under all circumstances. It is equally clear that a State might temper such an "any county" rule to the extent a reasonable assessment of defendants' interests so justified.

Here, Montana has decided that the any-county rule should give way to a single-county rule where a defendant resides in Montana, arguably on the reasonable ground that a defendant should not be subjected to a plaintiff's tactical advantage of forcing a trial far from the defendant's residence. At the same time, Montana has weighed the interest of a defendant who does not reside in Montana differently, arguably on the equally reasonable ground that for most nonresident defendants the inconvenience will be great whether they have to defend in, say, Billings or Havre. See *Power Manufacturing Co.* v. *Saunders,* 274 U. S. 490, 498 (1927) (Holmes, J., dissenting). Montana could thus have decided that a nonresident defendant's interest in convenience is too slight to outweigh the plaintiff's interest in suing in the forum of his choice.

Burlington does not, indeed, seriously contend that such a decision is constitutionally flawed as applied to individual nonresident defendants. Nor does it argue that such a rule is unconstitutional even when applied to corporate defendants without a fixed place of business in Montana. Burlington does claim, however, that the rule is unconstitutional as applied to a corporate defendant like Burlington that not only has its home office in some other State or country, but also has a place of business in Montana that would qualify as its "principal place of business" if it were a Montana corporation.

Burlington's claim fails. Montana could reasonably have determined that a corporate defendant's home office is generally of greater significance to the corporation's convenience in litigation than its other offices, that foreign corporations

are unlikely to have their principal offices in Montana, and that Montana's domestic corporations will probably keep headquarters within the State. We cannot say, at least not on this record, that any of these assumptions is irrational. Cf. *G. D. Searle & Co.* v. *Cohn*, 455 U. S. 404, 410 (1982); *Metropolitan Casualty Ins. Co.* v. *Brownell*, 294 U. S. 580, 585 (1935). And upon them Montana may have premised the policy judgment, which we find constitutionally unimpeachable, that only the convenience to a corporate defendant of litigating in the county containing its home office is sufficiently significant to outweigh a plaintiff's interest in suing in the county of his choice.

Of course Montana's venue rules would have implemented that policy judgment with greater precision if they had turned on the location of a corporate defendant's principal place of business, not on its State of incorporation. But this is hardly enough to make the rules fail rational-basis review, for "rational distinctions may be made with substantially less than mathematical exactitude." *New Orleans* v. *Dukes*, 427 U. S. 297, 303 (1976); see *Hughes* v. *Alexandria Scrap Corp.*, 426 U. S. 794, 814 (1976); *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 78 (1911). Montana may reasonably have thought that the location of a corporate defendant's principal place of business would not be as readily verifiable as its State of incorporation, that a rule hinging on the former would invite wasteful sideshows of venue litigation, and that obviating the sideshows would be worth the loss in precision. These possibilities, of course, put Burlington a far cry away from the point of discharging its burden of showing that the underinclusiveness and overinclusiveness of Montana's venue rules is so great that the rules can no longer be said rationally to implement Montana's policy judgment. See, *e. g.*, *Brownell, supra*, at 584. Besides, Burlington, having headquarters elsewhere, would not benefit even from a scheme based on domicile, and is therefore in no position to complain of Montana's using State of incorporation as a surrogate for

domicile. See *Roberts & Schaefer Co.* v. *Emmerson*, 271 U. S. 50, 53–55 (1926); cf. *United States* v. *Raines*, 362 U. S. 17, 21 (1960).

Burlington is left with the argument that *Power Manufacturing Co.* v. *Saunders, supra,* controls this case. But it does not. In *Saunders,* we considered Arkansas' venue rules, which restricted suit against a domestic corporation to those counties where it maintained a place of business, 274 U. S., at 491–492, but exposed foreign corporations to suit in any county, *id.,* at 492. We held that the distinction lacked a rational basis and therefore deprived foreign corporate defendants of the equal protection of the laws. *Id.,* at 494. The statutory provision challenged in *Saunders,* however, applied only to foreign corporations authorized to do business in Arkansas, *ibid.,* so that most of the corporations subject to its any-county rule probably had a place of business in Arkansas. In contrast, most of the corporations subject to Montana's any-county rule probably do not have their principal place of business in Montana. Thus, Arkansas' special rule for foreign corporations was tailored with significantly less precision than Montana's, and, on the assumption that *Saunders* is still good law, see *American Motorists Ins. Co.* v. *Starnes,* 425 U. S. 637, 645, n. 6 (1976), its holding does not invalidate Montana's venue rules.

In sum, Montana's venue rules can be understood as rationally furthering a legitimate state interest. The judgment of the Supreme Court of Montana is accordingly

*Affirmed.*