Timothy A. JONES, Plaintiff,

v.

D. William EVANS, Jr.,
Judge, Defendant.

No. 5:96 CV 1091.

United States District Court,
N.D. Ohio,
Eastern Division.

May 31, 1996.

Willard K. Hanner, Dover, Ohio, for plaintiff.

Martin Frantz, Wayne County Asst. Prosecutor, Wooster, Ohio, for defendant.

*JUDGMENT ENTRY*

DOWD, District Judge.

The plaintiff has moved the Court for a temporary restraining order. The Court referred the plaintiff's application to Magistrate Judge James S. Gallas for a Report and Recommendation. Magistrate Judge Gallas promptly engaged in an expedited procedure given the fact that the plaintiff is presently incarcerated and filed a comprehensive Report and Recommendation with the Court on May 30, 1996.

The Court has reviewed the Report and Recommendation and adopts it in its entirety. The plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

(Docket No. 3)

May 30, 1996

GALLAS, United States Magistrate Judge.

This matter was referred for report and recommendation on plaintiff Timothy A. Jones' motion for temporary restraining order (Docket No. 3). Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Jones moved the court for a temporary restraining order prohibiting Judge Evans from continuing his policy as Judge of the Wayne County Municipal Court of allowing house arrest for those individuals who reside within a 25 mile radius of the court in Wooster, Ohio while denying it to those individuals who reside outside that radius and further ordering Jones' immediate release from the Wayne County Jail pending further consideration of whether such policy violates Jones' right to equal protection under the law. Jones' motion was heard on May 29, 1996. Jones and Judge Evans were represented by counsel and presented arguments and witnesses.

*Background:*

Jones is an individual residing in New Philadelphia, Tuscarawas County, Ohio which is approximately 35 miles from the Wayne County Municipal Court in Wooster, Ohio. While driving through Wayne County on May 7, 1996 Jones was arrested at a safety check when it was discovered that his operator's license was suspended under § 4507.02(B) of the Ohio Revised Code. That same day he pled no contest to the charge of driving under suspension before Judge Evans and was fined $200.00 and ordered to serve 60 days in the Wayne County Jail. However, 30 of those days were suspended and he was referred to the court's house arrest officer to make arrangements to serve the remaining 30 days of the sentence on electronically monitored house arrest. On May 8, 1996 Jones reported to Cecil Crawford, the house arrest officer for the Wayne County Municipal Court. Crawford informed Jones of the requirements for the privilege of being under house arrest under the jurisdiction of the Wayne County Municipal Court HAC program (Home Arrest Confinement). One requirement is the prisoner reside within a 25 mile radius of Wooster, Ohio. An outer perimeter of this limit includes communities as Barberton, Ohio in Summit County, or Strasburg, Ohio in Tuscarawas County. However, individuals who reside in Akron or New Philadelphia are ineligible. The other requirements are that the residence has a telephone, that the telephone and electric bills are paid, that the residence is "clean" (so that there is no alcohol or drugs on the premises nor a hazard to the house arrest officers), and that the prisoner has a sponsor who can run errands such as grocery shopping. Crawford explained that individuals have used hotels, the Salvation Army or have stayed with relatives to obtain a residence eligible for the HAC program within the 25 mile perimeter. It was suggested that Jones contemplate moving to Strasburg, Ohio in order to qualify. Jones was given 14 days to comply with the program.

Jones was not able to make arrangements to reside within the 25 mile perimeter, and on May 23 he reported to the Wayne County Municipal Court house arrest officer and was transferred to the Wayne County Jail, where he currently resides. Jones contends that there is immediate and irreparable injury

due to this loss of liberty because the privilege of house arrest has been denied him.

The electronic monitoring utilized by the Wayne County Municipal Court complies with the requirements of § 2929.23 of the Ohio Revised Code. The prisoner is required to wear an ankle bracelet and have an electronic monitoring device hooked up to the residence's power and telephone. Also a "sample head" is used with voice verification. A prisoner is sporadically required upon a signal to blow into the sample head which feeds the information to a laboratory in Boulder, Colorado. If the laboratory finds indications of alcohol consumption the laboratory in Boulder, Colorado will page the Wayne County Municipal Court house arrest officer to notify the officer of a potential violation. The house arrest officer then will travel to the prisoner's residence and will take a "J4 unit" hand-held alcohol monitor with him to obtain a breath sample from the prisoner. If it indicates alcohol consumption, the prisoner is transported to the Wooster police for testing with the calibrated breathalyzer. All electronic monitoring for the HAC program is channeled through Boulder, Colorado. The monitors are not directly connected to the office of the Wayne County house arrest officers.

*Discussion:*

■ Jones raised the issue of a possible prohibition to his Motion for a T.R.O. under the "Anti Injunction Act" in 28 U.S.C. § 2283. However, since Jones had been convicted, sentenced and detained there are no longer any state court proceedings that would be stayed by federal court action. Consequently, this statute poses no barrier and the motion can be resolved on its merits.

■ A plaintiff seeking preliminary injunctive relief has the burden of meeting the following four standards:

1) Whether the plaintiff have shown a strong or substantial likelihood or probability of success on the merits;

2) Whether the plaintiff have shown irreparable injury;

3) Whether the issuance of a preliminary injunction would cause substantial harm to others;

4) Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Assoc. v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977); *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985).

■ Turning to the merits of Jones' contention, it is clear that the action of state courts and their officers is regarded as action of the State within the fourteenth amendment. *Shelley v. Kraemer,* 334 U.S. 1, 14, 68 S.Ct. 836, 842–43, 92 L.Ed. 1161, 1181 (1948). Moreover, there is no question that the fourteenth amendment equal protection clause applies to not only state laws, but also local laws of the state's subdivisions.

■ Defendant admits that the 25 mile radius perimeter is an unwritten policy of the Wayne County Municipal Court. Moreover, from the evidence presented Jones would qualify for the HAC program but for the fact he resides in New Philadelphia, Ohio. According to defendant his residence is 10 to 15 miles outside the house arrest perimeter. These facts present a judiciable issue due to the extra jurisdictional actions of the Wayne County Municipal Court.

■ Although Jones has not identified any particular aspect to the equal protection clause under the fourteenth amendment that Judge Evans has violated, this magistrate judge views Jones' case as premised on the right to travel.

The right to travel and to move from one state to another has long been accepted, yet both the nature and the source of that right has remained obscure. See *Jones v. Helms,* 452 U.S. 412, 417–419, and nn 12 and 13, 69 L.Ed.2d 118 [124–125, and nn. 12 and 13], 101 S.Ct. 2434 [2439–2440, and nn. 12 and 13] (1981), *Shapiro v. Thompson, supra* [394 U.S. 618], at 629–631, 22 L.Ed.2d 600 [at 612–613], 89 S.Ct. 1322 [at 1328–1330 (1969) ]; *United States v. Guest,* 383 U.S. 745, 757–759, 16 L.Ed.2d 239 [248–250], 86 S.Ct. 1170 [1177–1179] (1960) [ (1966) ]. See also Z. Chafee, Three Human Rights in the Constitution of 1787, pp. 188–193 (1956).

*Zobel v. Williams,* 457 U.S. 55, 60 n. 6, 102 S.Ct. 2309, 2312 n. 6, 72 L.Ed.2d 672, 677 n. 6 (1982). Judge Evans has thus allegedly interfered with Jones' right to travel by discriminating against him as a non-local resident with a policy that grants the privilege of house arrest to local residents, but denies the privilege to outsiders (outside the perimeter).

 Generally, a jurisdiction does not deny equal protection when it infringes on an individual's right to travel if the individual has been convicted of a crime within that jurisdiction.

> He may be detained within that State and returned to it if he is found in another State. Indeed, even before trial or conviction, probable cause may justify an arrest and subsequent temporary detention. Similarly, a person who commits a crime in a State and leaves the State before arrest or conviction may be extradited following 'a summary and mandatory executive proceeding.' Manifestly, a person who has committed an offense against the laws of Georgia may be stopped at its borders and temporarily deprived of his freedom to travel elsewhere within or without the State (footnotes omitted).

*Jones v. Helms,* 452 U.S. 412, 419, 101 S.Ct. 2434, 2440, 69 L.Ed.2d 118, 125 (1981). The references to "State" are equally applicable to the county-wide jurisdiction of the Wayne County Municipal Court for purposes of equal protection.[1]

As this Magistrate Judge views the law, there would be no equal protection issue pursuant to *Jones v. Helms,* if the Wayne County Municipal Court conducted the HAC program exclusively within its jurisdictional limits. The state court clearly has the right to restrict the travel of convicted individuals within its jurisdiction. The problem arises because the state court has opted to accommodate convicted individuals by permitting them the privilege of house arrest outside the court's jurisdiction. This has created a situation where residents of northwestern

Tuscarawas County are eligible for house arrest pursuant to the guidelines of the Wayne County Municipal Court, but individuals in central Tuscarawas County, such as Jones, are ineligible.

In this case, the Wayne County Municipal Court has by its unwritten policy created two classes. The first class consists of those people who reside within Wayne County or in close proximity to Wayne County within a 25 mile radius of Wooster, Ohio. The second class of excluded individuals are those individuals who live more than 25 miles from Wooster, Ohio. Jones is in this second class of excluded individuals. The creation of these two classes infringes upon the right to travel which is a particular application of the equal protection clause under the fourteenth amendment. *Zobel v. Williams,* 457 U.S. 55, 60–61, 102 S.Ct. 2309, 2312–13, 72 L.Ed.2d 672, 677–78 (1982). This policy favors those individuals who reside closer to Wooster over those who reside outside the 25 mile radius.

Jones contends that this eligibility requirement for house arrest has denied him equal protection of law and has no rational basis. Jones maintains that the purpose of electronic monitoring is to minimize the need for personal supervision so that it would not matter to Wayne County Municipal Court whether he resides 15 miles or 40 miles away from Wooster, Ohio.

Since the right to travel is not unrestricted and the Wayne County Municipal Court's policy does not classify individuals on suspect lines as race or religion, the court policy will only result in a denial of equal protection if it fails "in rationally furthering legitimate state ends." *Burlington Northern R. Co. v. Ford,* 504 U.S. 648, 651, 112 S.Ct. 2184, 2186, 119 L.Ed.2d 432, 438 (1992). Generally a law (or in this case a policy) will survive constitutional scrutiny if the distinction it makes rationally furthers a legitimate state purpose. *Zobel,* 457 U.S. at 60, 102 S.Ct. at 2312–13, 72 L.Ed.2d at 677–78.

---

**1.** The right to travel under the fourteenth amendment is distinguishable from the privileges and immunities clause of Article IV, which applies only to discrimination by one *state* against residents of another *state. Zobel,* 457 U.S. at 59 n. 5, 102 S.Ct. at 2312 n. 5, 72 L.Ed.2d at 677 n. 5. The right to travel encompasses residents of the same state, such as discrimination against new residents.

This magistrate judge finds there was a rational basis to make this distinction to discriminate against those individuals who live beyond the 25 mile radius from Wooster, Ohio. Doug Lenhart, the Wayne County Court Administrator, explained that Wayne County was a pioneer in using electronic monitoring in Ohio. Initially this privilege was offered to individuals residing within Wayne County. However, in order to accommodate other individuals it was determined that this option should be offered to residents in other communities who resided within an approximate 30 minute travel distance from the house arrest office in Wooster, Ohio. The court administrator and the judges realized that it took the house arrest officers approximately 30 minutes to travel to communities in the northeastern portion of Wayne County, and that there were communities closer to Wooster in adjoining counties. Lenhart explained that the proximity to the staff was crucial to the program and the 25 mile limit was chosen based on the travel time.

The Wayne County Municipal Court currently has only two house arrest officers. These officers need to call on the prisoners' residences three or four times during a 30 day period of incarceration in addition to any times they may need to appear at a residence in case the alcohol monitor shows the presence of alcohol. There are currently 21 people on house arrest and this number has been as high as 64.

As Lenhart states, "the line had to be drawn somewhere," and clearly there was a rational basis for setting a 25 mile radius. The 25 mile radius serves the legitimate state purpose of conserving municipal court resources to enable the court to effectively supervise individuals placed under house arrest. The Wayne County Municipal Court has chosen to accommodate individuals living outside its jurisdiction, but it can do so effectively only when its housing arrest officers do not expend an inordinate amount of time traveling to the prisoner's residences. Therefore, this policy for excluding those individuals who reside beyond the 25 mile perimeter of approximately one-half hour travel time rationally furthers legitimate state ends.

Returning to Jones' burden in satisfying the four standards of preliminary injunctive relief, first, Jones has not shown a strong or substantial likelihood or probability of success on the merits. Granted the fact situation in this case is unusual and presents infringement of the right to travel under the equal protection. However, Judge Evans has shown that it is supported by a rational basis which serves a legitimate state purpose.

Second, Jones has not shown irreparable injury. During the testimony of Housing Officer Crawford, it was brought out that Jones had a VCR repair shop in his home in New Philadelphia. Crawford stated that it would be possible for Crawford to obtain a work release so that he could return home during normal business hours and report in the evenings to the Wayne County Municipal Jail.

Third, the issuance of a preliminary injunction would cause substantial harm to others in the form of requiring the Wayne County house arrest officers to in effect waste time on the road traveling to a community which is a significant distance from their office.

Finally, the public interest would not necessarily be served by issuing a preliminary injunction because Jones has the alternative of obtaining a work release so in effect he could remain at home to operate his business during a significant portion of the day.

Accordingly, it is recommended that Jones' motion for a temporary restraining order (Docket No. 3) be denied.