DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Municipal Court judgment of conviction and sentence. The court found Glen Burchett, defendant below and appellant herein, guilty of violating the overload provisions contained in R.C. 5577.04(B)(3).
Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS BASED UPON A VIOLATION OF THE EQUAL PROTECTION GUARANTEE CONTAINED IN THE OHIO CONSTITUTION AND THE UNITED STATES CONSTITUTION."
On June 9, 2000, appellant was hauling pit rock, a non-processed form of limestone. Ohio State Highway Patrol Trooper William S. Webb observed appellant's vehicle and noticed indicators that the vehicle was overweight, including: (1) appellant's vehicle was slow on the hills but traveling the speed limit on level roads; (2) the suspension springs were bowed; and (3) the tire surface was "imprinted" on the highway. Based on his observations, Trooper Webb stopped appellant and discovered that the vehicle was indeed overloaded. Trooper Webb subsequently charged appellant with violating Ohio's vehicle overload statute, R.C.5577.04(B)(3).
On August 3, 2000, appellant moved to dismiss the complaint. Appellant argued that the overload statute is unconstitutional because it violates the equal protection provisions of the Ohio and the United States Constitutions. Appellant claimed that the overload provisions unconstitutionally differentiate between the steel industry and the coal and stone industry.[1] Appellant noted that exceptions to the overload provisions existed for the steel industry, but not the coal and stone industry. Thus, appellant asserted that no rational basis exists for creating two classes of heavy trucks simply because of the industry the trucks serve.
After a hearing to consider appellant's motion to dismiss, the trial court found no equal protection violation. The court concluded that "load limit laws are necessary for everyone's safety and guard against the deterioration of the pavement, bridges and other structures." The court also noted that "certain vehicles are exempted by law and there is a process for obtaining permits authorizing hauling of loads in excess of the load limits" and that appellant did not attempt to obtain a permit.
The trial court then found that appellant violated R.C. 5577.04(B)(3). Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by overruling his motion to dismiss. Appellant contends that the overload statute violates the equal protection provisions of the Ohio and United States Constitutions because the statute is applied in a discriminatory manner and that no rational basis exists for the discrimination.
Generally, legislative enactments enjoy a strong presumption of constitutionality. State v. Williams (2000), 88 Ohio St.3d 513, 521,728 N.E.2d 342, 352; State v. Collier (1991), 62 Ohio St.3d 267, 269,581 N.E.2d 552, 553. The party challenging the constitutionality of a statute bears the burden of proving the statute's unconstitutionality beyond a reasonable doubt. Williams; Collier. The equal protection provisions[2] prevent states from arbitrarily treating people differently under state laws. Williams, 88 Ohio St.3d at 530,728 N.E.2d 342, 359 (citing Harper v. Virginia State Bd. of Elections
(1966), 383 U.S. 663, 681, 86 S.Ct. 1079, 1089, 16 L.Ed.2d 169, 181
(Harlan, J., dissenting)). "`Whether any such differing treatment is to be deemed arbitrary depends on whether or not it reflects an appropriate differentiating classification among those affected; the clause has never been thought to require equal treatment of all persons despite differing circumstances.'" Id. (quoting Harper v. Virginia State Bd. of Elections
(1966), 383 U.S. 663, 681, 86 S.Ct. 1079, 1089, 16 L.Ed.2d 169, 181
(Harlan, J., dissenting)).
 "Under the Equal Protection Clause, a legislative distinction need only be created in such a manner as to bear a rational relationship to a legitimate state interest. Clements v. Fashing (1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515. These distinctions are invalidated only where `they are based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them.' Id.; see, also, Heller v. Doe (1993), 509 U.S. 312, 320, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257, 271; Am. Assn. of Univ. Professors, Cent. State Univ. v. Cent. State Univ. (1999), 87 Ohio St.3d 55, 58, 717 N.E.2d 286, 290. * * * *. This rational basis analysis is discarded for a higher level of scrutiny only where the challenged statute involves a suspect class or a fundamental constitutional right. * * *."
Williams, 88 Ohio St.3d at 530, 728 N.E.2d at 356 (citations omitted).
When reviewing a state law under the rational basis test, courts must "grant substantial deference to the predictive judgment of the General Assembly." Williams, 88 Ohio St.3d at 531, 728 N.E.2d at 360 (citingTurner Broadcasting Sys. v. Fed. Communications Comm. (1997), 520 U.S. 180,195, 117 S.Ct. 1174, 1189, 137 L.Ed.2d 369, 391). "The state does not bear the burden of proving that some rational basis justifies the challenged legislation; rather, the challenger must negative every conceivable basis before an equal protection challenge will be upheld."Id. (citing Heller, 509 U.S. at 320, 113 S.Ct. at 2642,125 L.Ed.2d at 271). In Heller, supra, the United States Supreme Court explained the rational basis standard as follows:
 "* * * [R]ational-basis review in equal protection analysis `is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.' FCC v. Beach Communications, Inc., 508 U.S. 307, 313, 124 L.Ed.2d 211, 113 S.Ct. 2096 (1993). See also, e.g., Dandridge v. Williams, 397 U.S. 471, 486, 25 L.Ed.2d 491, 90 S.Ct. 1153 (1970). Nor does it authorize `the judiciary [to] sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.' New Orleans v. Dukes, 427 U.S. 297, 303, 49 L.Ed.2d 511, 96 S.Ct. 2513 (1976) (per curiam). For these reasons, a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity. See, e.g., Beach Communications, supra, at 314-315; Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 462, 101 L.Ed.2d 399, 108 S.Ct. 2481
(1988); Hodel v. Indiana, 452 U.S. 314, 331-332, 69 L.Ed.2d 40, 101 S.Ct. 2376 (1981); Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 314, 49 L.Ed.2d 520, 96 S.Ct. 2562 (1976) (per curiam). Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose. See, e.g., Nordlinger v. Hahn, 505 U.S. 1, 11, 120 L.Ed.2d 1, 112 S.Ct. 2326 (1992); Dukes, supra, at 303. Further, a legislature that creates these categories need not `actually articulate at any time the purpose or rationale supporting its classification.' Nordlinger, supra, at 15. See also, e.g., United States Railroad Retirement Bd. v. Fritz, 449 U.S. 166, 179, 66 L.Ed.2d 368, 101 S.Ct. 453
(1980); Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 528, 3 L.Ed.2d 480, 79 S.Ct. 437
(1959). Instead, a classification `must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.' Beach Communications, supra, at 313. See also, e.g., Nordlinger, supra, at 11; Sullivan v. Stroop, 496 U.S. 478, 485, 110 L.Ed.2d 438, 110 S.Ct. 2499
(1990); Fritz, supra, at 174-179; Vance v. Bradley, 440 U.S. 93, 111, 59 L.Ed.2d 171, 99 S.Ct. 939
(1979); Dandridge v. Williams, supra, at 484-485.
 A State, moreover, has no obligation to produce evidence to sustain the rationality of a statutory classification. `[A] legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data.' Beach Communications, supra, at 315. See also, e.g., Vance v. Bradley, supra, at 111; Hughes v. Alexandria Scrap Corp., 426 U.S. 794, 812, 49 L.Ed.2d 220, 96 S.Ct. 2488 (1976); Locomotive Firemen v. Chicago, R. I. P. R. Co., 393 U.S. 129, 139, 21 L.Ed.2d 289, 89 S.Ct. 323 (1968). A statute is presumed constitutional, see supra, at 319, and `the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it,' Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364, 35 L.Ed.2d 351, 93 S.Ct. 1001
(1973) (internal quotation marks omitted), whether or not the basis has a foundation in the record. Finally, courts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends. A classification does not fail rational-basis review because it `"is not made with mathematical nicety or because in practice it results in some inequality.'" Dandridge v. Williams, supra, at 485, quoting Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 55 L.Ed. 369, 31 S.Ct. 337 (1911). `The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific.' Metropolis Theatre Co. v. Chicago, 228 U.S. 61, 69-70, 57 L.Ed. 730, 33 S.Ct. 441 (1913). See also, e.g., Burlington Northern R. Co. v. Ford, 504 U.S. 648, 651, 119 L.Ed.2d 432, 112 S.Ct. 2184 (1992); Vance v. Bradley, supra, at 108, and n. 26; New Orleans v. Dukes, supra, at 303; Schweiker v. Wilson, 450 U.S. 221, 234, 67 L.Ed.2d 186, 101 S.Ct. 1074 (1981)."
Heller, 509 U.S. at 319-21, 113 S.Ct. 2637, 125 L.Ed.2d 257.
In the case at bar, we believe that appellant has failed to meet his onerous burden to "negative every conceivable basis" to establish an equal protection violation. See Williams, supra. As the trial court determined, the legislature rationally could have concluded that the distinctions are necessary to preserve the safety and integrity of Ohio's roadways. See, generally, Williams, supra (holding that Ohio's sexual predator laws, R.C. Chapter 2950, do not violate the Equal Protection Clause); State v. Earlenbaugh (1985), 18 Ohio St.3d 19, 479 N.E.2d 846
(holding that Ohio's reckless operation statute, R.C. 4511.20, does not unconstitutionally discriminate between classes of people). Consequently, we agree with the trial court's conclusion that appellant has failed to demonstrate that the overload statutory scheme is unconstitutional.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ Peter B. Abele, Presiding Judge
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] Appellant notes that the statute itself does not create distinctions between the industries, but that the Ohio Department of Transportation's "Operational Guide" creates the distinctions.
[2] The Fourteenth Amendment to the United States Constitution provides that "no State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Section 2, Article I of the Ohio Constitution provides that "all political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." These two provisions are "functionally equivalent," and the standards for determining violations of equal protection are essentially the same under state and federal law. Desenco, Inc. v. Akron (1999),84 Ohio St.3d 535, 543-544, 706 N.E.2d 323, 332.