# CIRCUIT COURT OF THE CITY OF NORFOLK

Rod Budd,
Administrator
of the Estate of
Joseph Mark Drewnoski,
deceased

v.

Norfolk Southern Ry. Co.

April 28, 2015

Case No. (Civil) CL14-8300

By Judge John R. Doyle, III

This matter comes before the Court on Defendant, Norfolk Southern Railway Company's Motion To Dismiss for *Forum Non Conveniens* pursuant to the provisions of Virginia Code § 8.01-265.

Under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 56, the estate of the railroad employee may bring its action in either a federal court or a state court. In FELA actions brought in the federal district courts, motions for transfer of venue under *forum non conveniens* are governed by the federal statute and associated case law. The Commonwealth of Virginia has its own venue statutes that "allow actions to be tried in courts which are convenient to the parties and witnesses." *Norfolk & W. Ry. v. Williams,* 239 Va. 390, 392, 389 S.E.2d 714, 715-16 (1990). The Plaintiff in the case *sub judice* chose to bring this action in the state Circuit Court of the City of Norfolk, not a federal district court. Plaintiff incorrectly points to the venue provisions under FELA, not the Code of Virginia, as controlling law for the transfer of venue motion.

Plaintiff fails to address the long line of Supreme Court cases establishing venue as a procedural matter governed by the local forum's laws. This rule applies to Federal Employers' Liability Act cases brought in state court. "A state court presiding over an action pursuant to the FELA 'should be free to decide the availability of the principle of *forum non conveniens* according to the court's own local law'," as *forum non conveniens* is a matter of "local

policy." *American Dredging Co. v. Miller*, 510 U.S. 443, 456, 114 S. Ct. 981, 989, 127 L. Ed. 2d 285 (1994) (*quoting Missouri, ex rel. Southern Ry. v. Mayfield*, 340 U.S. 1, 4, 5, 95 L. Ed. 3, 71 S. Ct. 1 (1950)). *See also Norfolk & W. Ry. v. Williams*, 239 Va. 390, 389 S.E.2d 714 (1990) (applying the Virginia venue statutes to a FELA case brought in the Circuit Court of the City of Portsmouth); *Burlington N. RR. v. Ford*, 504 U.S. 648, 112 S. Ct. 2184, 119 L. Ed. 2d 432 (1992) (applying the Montana venue rules to a FELA case brought in the state trial court for Yellowstone County). "When the selected forum is a state court, as here, that court is required to follow the venue standards of the state in which it is located." *Towe v. Southern Ry.*, 6 Va. Cir. 422, 423 (1986). Cases and statute provisions regarding venue in federal courts are not applicable to a case brought in the state court. *See American Dredging Co. v. Miller*, 510 U.S. 443, 457, 114 S. Ct. 981, 990, 127 L. Ed. 2d 285 (1994); *Miles v. Illinois C. RR.*, 315 U.S. 698, 703, 62 S. Ct. 827, 86 L. Ed. 1129 (1942), superseded by statute, 28 U.S.C. § 1404, as recognized in *Ex parte Collett*, 337 U.S. 55, 69 S. Ct. 944, 93 L. Ed. 1207 (1949) ("The venue of state court suits was left to the practice of the forum."). The proper law to govern the Defendant's Motion To Dismiss for *Forum Non Conveniens* is the Code of Virginia.

The venue statutes in the Virginia Code enable a court to dismiss the action for a more convenient forum within or outside the Commonwealth of Virginia, upon motion by any party and for good cause shown." Va. Code Ann. § 8.01-265. "Good cause" includes, but is not limited to, "the avoidance of substantial inconvenience to the parties or the witnesses." *Id.* The Court's decision whether or not to transfer venue under § 8.01-265 rests within the trial judge's sound discretion. Va. Code Ann. § 8.01-267. *See also Norfolk & W. Ry. v. Williams*, 239 Va. 390, 392, 389 S.E.2d 714, 715-16 (1990); *Littleton v. Norfolk S. Ry.*, 87 Va. Cir. 333, 334 (2013). The Court considers the facts and interests in its individual case, and chooses the fair and convenient forum.

The case before the Court today clearly has a greater nexus between the underlying action and the Asheville, North Carolina, forum than the present one. A plaintiff's choice of forum deserves a "presumption of correctness," but, even in actions arising under FELA, that presumption is "not absolute" *Norfolk & W. Ry. v. Williams*, 239 Va. 390, 394, 389 S.E.2d 714, 717 (1990). While a plaintiff's choice of venue may be a proper forum, a mere "technical, formal connection" with the original court does not defeat a motion to transfer venue to a more convenient forum with a strong "practical nexus" with the underlying action. *Id.* at 395-96.

The Plaintiff in the current case can establish only a formal association with the Norfolk forum. The nexus arises solely from the location of the Defendant's headquarters in Norfolk. Plaintiff avers that there are witnesses located in Norfolk who will be deposed and may turn out to be witnesses at trial. Even if they do not turn out to be witnesses, Plaintiff cites his

desire to depose them as sufficient cause to retain the case in the Norfolk Circuit Court. It should be noted that these witnesses are employees of the Defendant and will be available for depositions regardless of where the trial is to occur. In the best light for the Plaintiff, it only can be said that it is yet to be determined whether there is in fact a single witness located in Norfolk. In contrast, the injury arose in North Carolina. The Decedent was employed by the Defendant in North Carolina, and the Decedent's estate remains there. The majority of the known potential witnesses are residents of western North Carolina, and holding the trial in Norfolk would cause them the substantial "inconvenience of being away from families, homes, and jobs" while traveling to testify. *Norfolk & W. Ry. v. Williams*, 239 Va 390, 395, 389 S.E.2d 714, 717-18 (1990). There is no known witness in the southeast Virginia area. The Court declines Plaintiff's entreaty to decide this motion only on possibilities.

The Court grants the Defendant's Motion To Dismiss for *Forum Non Conveniens*.