**FILED**

**May 10, 2016**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33158-0-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| SCOTT M. WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — CrR 8.3(b) authorizes dismissal of criminal charges based on arbitrary state action when there has been prejudice to the accused. Criminal charges against Scott Williams were dismissed under this rule after the superior court determined the State's decision to switch venues prejudiced Mr. Williams by forcing him to choose between effective assistance of counsel and the right to a speedy trial. Because we disagree with the superior court's conclusion that the State's venue decision was arbitrary, we reverse.

## FACTS

Mr. Williams was arrested in Adams County after allegedly leading police on an erratic high-speed chase that began in Spokane County. Mr. Williams originally faced felony charges in Adams County, but that case was dismissed in favor of similar charges in Spokane County. The State's change in selected venue disrupted the continuity of Mr. Williams's appointed legal counsel. As a result, his Spokane counsel did not have sufficient time to prepare for trial under the 60-day speedy trial clock.

Mr. Williams filed a motion to dismiss under CrR 8.3(b). The Spokane County Superior Court granted the motion. Although the court found no misconduct, it dismissed the charges against Mr. Williams because "[t]he decision of the State to move the proceedings from Adams County to Spokane County was an arbitrary action that resulted in unfair circumstances forcing Mr. Williams to make an impossible choice between exercising his speedy trial right and being competently prepared for trial." Clerk's Papers (CP) at 81. The State appeals.

## ANALYSIS

We are confronted with whether, under the facts of this case, dismissal was warranted under CrR 8.3(b). The rule provides:

> The court, in the furtherance of justice, after notice and hearing, may
> dismiss any criminal prosecution due to arbitrary action or governmental

No. 33158-0-III
*State v. Williams*

misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

To prevail on a motion to dismiss under this provision, "the defendant must show by a preponderance of the evidence both (1) arbitrary action or governmental misconduct, and (2) actual prejudice affecting the defendant's right to a fair trial." *State v. Martinez*, 121 Wn. App. 21, 29, 86 P.3d 1210 (2004). No amount of prejudice can sustain a dismissal order if the defendant is unable to establish arbitrary action or misconduct. *State v. Michielli*, 132 Wn.2d 229, 240, 937 P.2d 587 (1997).

This court reviews a trial court's dismissal under CrR 8.3(b) for manifest abuse of discretion. *Martinez*, 121 Wn. App. at 30. "Discretion is abused if the trial court's decision is manifestly unreasonable or is based on untenable grounds." *Id.* "A decision is based on untenable grounds 'if it rests on facts unsupported in the record . . . .'" *Id.* (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

During the superior court proceedings, the focus was on prejudice. Although the State did not concede arbitrary action or misconduct, scant attention was paid to those components of CrR 8.3(b). While it is true that "simple mismanagement," rather than "evil or dishonest" conduct can justify dismissal, *State v. Garza*, 99 Wn. App. 291, 295, 994 P.2d 868 (2000), the rule still requires some sort of wrong-doing. Dismissal "is an

3

extraordinary remedy." *State v. Moen*, 150 Wn.2d 221, 226, 76 P.3d 721 (2003). CrR 8.3(b) was not designed to grant courts "the authority to substitute their judgment for that of the prosecutor." *State v. Starrish*, 86 Wn.2d 200, 205, 544 P.2d 1 (1975).

In its factual findings, the superior court determined the State had engaged in arbitrary action, but not misconduct. CP at 81. The term "arbitrary" is not defined in the rule. Nor do our cases provide much guidance on what is meant by arbitrary action, as opposed to misconduct, under CrR 8.3(b). Thus, we are faced with discerning the intended meaning of "arbitrary action" in the current context.

In due process jurisprudence, the concept of arbitrary governmental action is fairly common. *See, e.g., State v. Watson*, 120 Wn. App. 521, 533, 86 P.3d 158 (2004), *aff'd in part, rev'd in part on other grounds*, 155 Wn.2d 574, 122 P.3d 903 (2005) (litigant can state a claim for denial of substantive due process by showing that "the State's action was arbitrary and unreasonable"). Accordingly, we may look to this context for guidance. *See In re Brazier Forest Prods., Inc.*, 106 Wn.2d 588, 595, 724 P.2d 970 (1986). When it comes to a substantive due process claim of arbitrary governmental action, we will uphold the State's actions so long as they are grounded in a rational basis, unless the claimant alleges a violation of fundamental rights. *Watson*, 120 Wn. App. at 533. This determination accords with the only other Washington case to discuss arbitrary action

4

No. 33158-0-III
*State v. Williams*

under CrR 8.3(b), *State v. Worthey*, 19 Wn. App. 283, 576 P.2d 896 (1978). In *Worthey*,

Division Two of this court recognized that when it comes to CrR 8.3(b), an arbitrary

action is one that is discriminatory or done "without reasonable justification." *Worthey*,

19 Wn. App. at 288.

Interpreting "arbitrary action" in this light, it is apparent CrR 8.3(b) allows the

State considerable leeway. To overcome a charge of arbitrariness, the State need not

show its actions were legally required. In addition, given the prohibition on judicial

second-guessing, the State's choice need not represent the best possible means of

furthering its objectives. Unless the accused's fundamental rights are implicated, a claim

of arbitrary action must fail so long as the prosecutor can articulate a plausible,

nondiscriminatory reason for the government's action.

With this in mind, we turn to Mr. Williams's case. In its response to his motion to

dismiss, the State explained its charging decision as follows:

> Because all of the events underlying the charges began and occurred in
> Spokane County before continuing on and into the other two counties, the
> respective prosecutors decided that Spokane would be the more appropriate
> place to charge and try the defendant.

CP at 41. The superior court did not reject this explanation as disingenuous. Verbatim

Report of Proceedings (Jan. 22, 2015) at 52. Thus, the only question we face is whether

the State's explanation meets the rule's terms. We hold it does. The State's decision to

5

pursue charges in the county where the commencement and bulk of the defendant's alleged conduct took place is a reasoned one. It is not discriminatory and did not infringe on any fundamental rights.[1] Consequently, the State's decision to switch venues does not qualify as arbitrary and cannot justify dismissal under CrR 8.3(b), regardless of prejudice.

We recognize that arbitrariness sets a fairly low bar. It is perhaps for this reason that most cases under CrR 8.3(b) involve misconduct allegations. Indeed, Mr. Williams's case might have been quite different had there been a finding of misconduct. For example, had the State unreasonably delayed its venue decision or sought a strategic advantage by causing discontinuity of counsel, dismissal under CrR 8.3(b) might have been warranted. *See Michielli*, 132 Wn.2d at 244; *State v. Sulgrove*, 19 Wn. App. 860, 863, 578 P.2d 74 (1978). But those are not our facts. While it was unfortunate Mr. Williams's case was delayed due to the State's decision to switch venues, this circumstance does not justify dismissal under CrR 8.3(b).

---

[1] Venue choices do not implicate fundamental rights, triggering heightened scrutiny. *See Burlington N. R.R. Co. v. Ford*, 504 U.S. 648, 651, 112 S. Ct. 2184, 119 L. Ed. 2d 432 (1992). The same is true for decisions implicating rule-based (as opposed to constitutional) speedy trial rights. *State v. Smith*, 117 Wn.2d 263, 278-79, 814 P.2d 652 (1991); *State v. White*, 94 Wn.2d 498, 501, 617 P.2d 998 (1980). Although Mr. Williams had the constitutional right to effective assistance of counsel, the State's action did not directly impinge on this right since counsel was able to ask for a continuance beyond the normal speedy trial period. *State v. Hoffman*, 116 Wn.2d 51, 76-77, 804 P.2d 577 (1991).

No. 33158-0-III
*State v. Williams*

The superior court's order of dismissal is reversed and this matter is remanded for further proceedings consistent with this opinion.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, A.C.J.                           Siddoway, J.