# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74026-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| SOPHIA ALEEN DELAFUENTE, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: April 17, 2017 |
| | ) | |

Cox, J. – Sophia Delafuente appeals her judgment and sentence for first degree assault and first degree felony rendering of criminal assistance. The trial court did not abuse its discretion in denying Delafuente's motion to dismiss and by continuing her trial within the speedy trial expiration deadline. The trial court did not violate her right to be present and her right to counsel by granting the continuances outside her and her counsel's presence. Delafuente fails in her burden to show comments to which she did not object at trial were flagrant and ill-intentioned prosecutorial misconduct. We affirm.

On April 1, 2013, Richard Powell, a town car driver, dropped off a customer in West Seattle. A car passed by him and two people exited the vehicle and approached him. One of the individuals pulled out a gun and told Powell to empty his pockets. Powell reached for his gun but was shot multiple times. Powell managed to call 911.

Before Delafuente's arrest, she admitted to a detective that she drove the car after the shooting. The State charged her with one count of first degree assault and one count of felony first degree rendering of criminal assistance. It alleged that Delafuente drove the car to and from the scene.

Delafuente's speedy trial "[e]xpiration date" was set for September 4, 2015. On August 5th and 6th of 2015, the court entered two orders continuing trial. On the orders, the trial court marked boxes indicating "No judicial availability" as the reasons for the continuances. Delafuente's trial began on August 10th, 2015.

The jury found Delafuente guilty as charged, and the trial court entered its judgment and sentence in accordance with the jury verdicts.

Delafuente appeals.

## MOTION TO DISMISS

Delafuente argues that the trial court abused its discretion in failing to dismiss the charges under CrR 8.3(b). We disagree.

CrR 8.3(b) provides:

> The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. . . .

We review for abuse of discretion a trial court's decision on a motion to dismiss.[1] A court abuses its discretion when it makes a decision for untenable reasons or on untenable grounds.[2]

Also relevant here is the Sixth Amendment guarantee to criminal defendants of the right to confer privately with counsel.[3]

The supreme court has held that government eavesdropping on such privileged communication violates this right and "is presumed to cause prejudice to the defendant."[4] The State can rebut that presumption if it "proves beyond a reasonable doubt that the eavesdropping did not result in any such prejudice."[5]

Pretrial in this case, Delafuente moved to dismiss all charges on account of government misconduct. Although the record on appeal does not contain the motion, the record contains the memorandum supporting the motion. In relevant part, Delafuente argued that Detective Donna Stangeland violated Delafuente's attorney-client privilege by improperly listening to a jail phone call between her and her attorney Anna Gigliotti.

At the motion hearing, Detective Stangeland testified about the call at issue. She explained that she started listening to a recording of Delafuente's

---

[1] State v. Williams, 193 Wn. App. 906, 909, 373 P.3d 353, review denied, 186 Wn.2d 1015 (2016).

[2] Wade's Eastside Gun Shop, Inc. v. Dep't of Labor and Indus., 185 Wn.2d 270, 277, 372 P.3d 97 (2016).

[3] State v. Fuentes, 179 Wn.2d 808, 811, 318 P.3d 257 (2014).

[4] Id. at 812.

[5] Id. at 811-12 (emphasis omitted).

outgoing call and heard the person answering say the word "law." She then realized that the call was probably to an attorney and proceeded to stop the recording when she heard Delafuente ask for Gigliotti. A female voice responded that Gigliotti was on the other line. Detective Stangeland then stopped listening to the recording.

Detective Stangeland testified that the above discussion was all that she heard. She also reported this incident to her sergeant and the prosecutor's office. Detective Stangeland testified that she did not learn anything relevant to the investigation and did not "do anything investigative . . . in response to that call in [her] investigative duties."[6] She further testified that she did not hear anything that affected her investigation in any way, other than writing the reports. The recording could not be played for the court because it had been deleted.

The trial court found Detective Stangeland to be credible and denied Delafuente's motion.

This court defers to the trier of fact on credibility determinations.[7] Here, the trial court was in the best position to determine the facts and it was persuaded that the State rebutted the prejudice presumption. Because the facts support this conclusion, the trial court did not deny the dismissal motion for untenable reasons. Thus, it did not abuse its discretion.

---

[6] Report of Proceedings (June 5, 2015) at 12-13.

[7] State v. Hart, 195 Wn. App. 449, 457, 381 P.3d 142 (2016), review denied, 187 Wn.2d 1011 (2017).

The State correctly argues that Delafuente argues four additional instances of government misconduct for the first time on appeal. First, Delafuente argues that Securus, the jail's call system provider, gave Detective Stangeland access to Delafuente's calls without providing any training on "how to avoid intercepting attorney-client calls." Second, Delafuente argues that "the State deleted the electronic evidence of Detective Stangeland's access" to the call, making it impossible to corroborate her testimony. Third, Delafuente argues that Securus violated her right to counsel by recording the call. And lastly, she argues that the State delayed in disclosing Detective Stangeland's actions in this case and a prior case involving a similar incident. Overall, Delafuente argues that these acts of government misconduct "forced" her to choose between being fully prepared for trial and her speedy trial right.

Notably, Delafuente fails to cite the record to support these new arguments in accordance with RAP 10.3(a)(6). More importantly, she fails to argue that these alleged incidents of government misconduct constitute manifest constitutional errors as required by RAP 2.5(a). Thus, we do not consider these arguments.

## SPEEDY TRIAL RIGHT

Delafuente argues that the trial court violated her speedy trial right. We disagree.

CrR 3.3 protects a defendant's constitutional right to a speedy trial.[8] CrR 3.3(b)(1)(i) provides that a defendant detained in jail shall be brought to trial

---

[8] State v. Kenyon, 167 Wn.2d 130, 136, 216 P.3d 1024 (2009).

within 60 days of arraignment.[9] But certain time periods are excluded from the computation of time, including trial court continuances.[10]

CrR 3.3(f)(2) provides:

> On motion of the court or a party, the court may continue the trial date to a specified date when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense. The motion must be made before the time for trial has expired. The court must state on the record or in writing the reasons for the continuance. . . .

The application of the speedy trial rule to a specific set of facts is a question of law we review de novo.[11] But we review for abuse of discretion a trial court's decision to grant a continuance.[12]

Court congestion, perhaps due to lack of courtroom availability, is not a valid reason for a continuance beyond the time period for trial.[13] A court may continue trial due to court congestion "when it carefully makes a record of the unavailability of judges and courtrooms and of the availability of judges pro tempore."

Here, Delafuente's argument focuses on the two trial court orders continuing her trial. It is undisputed that Delafuente's speedy trial "[e]xpiration date" was set for September 4, 2015. The two continuance orders were entered

---

[9] State v. Ollivier, 178 Wn.2d 813, 823, 312 P.3d 1 (2013).

[10] Id.; CrR 3.3(e).

[11] State v. Hawkins, 181 Wn.2d 170, 183, 332 P.3d 408 (2014).

[12] Ollivier, 178 Wn.2d at 822-23.

[13] Kenyon, 167 Wn.2d at 137.

on August 5th and 6th of 2015. Delafuente's trial began on August 10th, 2015. There was no continuance beyond the speedy trial expiration date of September 4, 2015. Because the trial court did not continue Delafuente's trial beyond the speedy trial expiration date, we conclude that the trial court did not abuse its discretion in granting the continuances.

Delafuente relies on State v. Kenyon[14] to argue that the trial court violated her speedy trial right. She specifically argues that the trial court failed to provide the required details regarding the lack of judicial availability. But that case is distinguishable because the trial court there continued the trial past the speedy trial deadline.[15] Thus, it was required to document the availability of pro tempore judges and unoccupied courtrooms but failed to do so. That is not the case here.

## RIGHT TO BE PRESENT

Delafuente argues that the trial court violated her right to be present at trial. We disagree.

As a matter of due process, criminal defendants have a fundamental right to be present at all critical stages of the trial.[16] "A 'critical stage' is one at which the defendant's presence 'has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'"[17]

---

[14] 167 Wn.2d 130, 216 P.3d 1024 (2009).

[15] Id. at 135.

[16] State v. Zyion Houston-Sconiers, No. 92605-1, slip op. at 31 (Wash. Mar. 2, 2017), http://www.courts.wa.gov/opinions/pdf/926051.pdf.

[17] Id. (internal quotation marks omitted) (quoting State v. Irby, 170 Wn.2d 874, 881, 246 P.3d 796 (2011)).

Whether a defendant's constitutional right to be present has been violated is a question of law we review de novo.[18]

A defendant's right to be present is not absolute.[19] In <u>In re Personal Restraint of Benn</u>, the supreme court held that Gary Benn did not have a right to be present at a continuance hearing.[20] This is because his absence during the hearing "did not affect his opportunity to defend the charge. The motion for continuance involved no presentation of evidence, nor was the purpose of the hearing . . . to determine the admissibility of evidence or the availability of a defense . . . ."[21] In short, it was not a "critical stage."

Here, outside Delafuente's presence, the trial court entered the two orders continuing trial. Neither proceeding was a critical stage. Delafuente did not have a right to be present when the court entered these orders.

## RIGHT TO COUNSEL

Delafuente argues that the trial court violated her right to counsel. We disagree.

Both the federal and state constitutions provide the right to counsel.[22] "The focus of the Sixth Amendment right to counsel inquiry is whether the event

---

[18] <u>Irby</u>, 170 Wn.2d at 880.

[19] <u>State v. Thompson</u>, 190 Wn. App. 838, 843, 360 P.3d 988 (2015), <u>review denied</u>, 185 Wn.2d 1012 (2016).

[20] 134 Wn.2d 868, 920, 952 P.2d 116 (1998).

[21] <u>Id.</u>

[22] U.S. CONST. amend. VI; CONST. art. I, § 22.

for which the defendant argues counsel is necessary is a 'critical stage' of the criminal prosecution."[23]

As explained above, a continuance hearing is not a critical stage of trial. Thus, the trial court did not violate Delafuente's right to counsel when it entered the orders continuing her trial outside her counsel's presence.

Delafuente relies on State v. Rupe[24] to argue that a trial court's "[c]onsideration of the time for setting the trial is a critical stage." But Rupe is distinguishable because the issue in that case was whether the defendant was entitled to counsel when the trial court set his resentencing trial date.[25]

## PROSECUTORIAL MISCONDUCT

Delafuente argues that the prosecutor committed two acts of misconduct during closing argument. Because she failed to object at trial and cannot show either comment was flagrant and ill-intentioned, we disagree.

To prevail on a claim of prosecutorial misconduct, the defendant must establish that the prosecutor's conduct was both improper and prejudicial.[26] A defendant waives the misconduct issue by failing to object or request a curative instruction at trial, "unless the conduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice."[27] This heightened

---

[23] Grisby v. Herzog, 190 Wn. App. 786, 796, 362 P.3d 763 (2015).

[24] 108 Wn.2d 734, 741, 743 P.2d 210 (1987).

[25] See id. at 741-42.

[26] State v. Emery, 174 Wn.2d 741, 756, 278 P.3d 653 (2012).

[27] State v. Lindsay, 180 Wn.2d 423, 430, 326 P.3d 125 (2014).

standard requires that a defendant "show that (1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'"[28]

When the defendant fails to object, it "'*strongly suggests* to a court that the argument or event in question did not appear critically prejudicial to an appellant in the context of the trial.'"[29]

### "Reasonable" Argument

Delafuente argues that the prosecutor improperly argued to the jury that Delafuente should have known that the assault would happen. She fails to show this was flagrant and ill-intentioned misconduct.

At trial in this case, the State had the burden to prove that Delafuente rendered criminal assistance. This means the State had to prove that Delafuente provided transportation "or other means of avoiding the discovery" to another person, who she knew had committed a crime, with the "intent to prevent, hinder, or delay the apprehension or prosecution" of that person.

The trial court gave the following "knowledge" instruction, which provided:

> A person knows or acts knowingly or with knowledge with respect to a fact, circumstance or result when he or she is aware of that fact, circumstance or result. . . .
> If a person has information that would lead *a reasonable person* in the same situation to believe that a fact exists, the

---

[28] Emery, 174 Wn.2d at 761 (quoting State v. Thorgerson, 172 Wn.2d 438, 455, 258 P.3d 43 (2011)).

[29] State v. McKenzie, 157 Wn.2d 44, 53 n.2, 134 P.3d 221 (2006) (quoting State v. Swan, 114 Wn.2d 613, 661, 790 P.2d 610 (1990)).

jury is permitted but not required to find that he or she acted with knowledge of that fact.

When acting knowingly as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that fact.[30]

During closing argument, the prosecutor referred to Delafuente's actions and the knowledge instruction. Delafuente did not object after the prosecutor argued as follows:

[S]he wants to say to you, I had no idea what was going on.
. . . .
Your instructions are replete with . . . the word "reasonable," and a reasonable person standard. And *is it at all reasonable* that [Delafuente] didn't know exactly what was going to go down?[31]

The question before us is whether this argument is flagrant and ill-intentioned misconduct that overcomes her failure to object below. We hold that it is not.

On appeal, Delafuente contends that the prosecutor improperly argued to the jury that Delafuente should have known that the assault would happen and that she assisted. To support this argument, she cites State v. Allen.[32]

In that case, Dewayne Allen drove Maurice Clemmons to and from a crime scene.[33] The State had to prove that Allen actually knew he was promoting or

---

[30] Clerk's Papers at 92 (emphasis added).

[31] Report of Proceedings Vol. 13 (September 1, 2015) at 1373 (emphasis added).

[32] 182 Wn.2d 364, 375, 341 P.3d 268 (2015).

[33] Id. at 369.

11

facilitating Clemmons's crime.[34] During closing argument, the State repeatedly used the phrase "should have known" when describing the knowledge definition.[35] For example, the prosecutor argued "even if [Allen] doesn't actually know, if a reasonable person would have known, he should have known . . . ."[36]

On appeal, the supreme court concluded that these statements misstated the law and were improper.[37] It determined that "what Allen knew and did not know was critically important."[38] Thus, it concluded that "the 'should have known' standard is incorrect" and that a jury must find that Allen had actual knowledge.[39] But the jury may make this finding from circumstantial evidence.[40]

Here, although Delafuente correctly cites the Allen principles, the prosecutor in this case did not make the "should have known" argument during closing argument. The prosecutor did not argue that Delafuente should have known if a reasonable person would have known. Rather, the context of this argument demonstrates that the prosecutor argued to the jury whether

---

[34] Id. at 371.

[35] Id.

[36] Id. at 376.

[37] Id. at 375.

[38] Id.

[39] Id. at 374-75.

[40] Id. at 374.

Delafuente's lack of knowledge claim was reasonable. Thus, the prosecutor's conduct was not "flagrant and ill intentioned."[41]

*"Successfully Executed" Argument*

Delafuente also argues that the prosecutor committed misconduct by using the phrase "successfully executed." She fails to overcome her failure to object below.

In State v. Davis, the supreme court approved of a prosecutor's comment during closing argument that the defendant was the victim's "'judge, jury[,] and executioner.'"[42] The supreme court specifically concluded that nothing in the record "indicate[d] the comment was intended to inflame the jury."[43]

Here, during trial, a police officer testified that Powell "had passed on" when the officer arrived and that he tried to bring Powell "back to life." An emergency physician also testified that Powell "would have definitely died" without medical intervention.

During closing argument, the prosecutor stated:

> Without the heroic efforts of the first responding officers, the first responding medics, and Harborview Medical Center, you would be sitting here on a homicide trial. But for medical intervention, the defendants would have **successfully executed** Mr. Powell.[44]

---

[41] Lindsay, 180 Wn.2d at 430.

[42] 175 Wn.2d 287, 337, 290 P.3d 43 (2012) (internal quotation marks omitted) (quoting State v. Davis, 141 Wn.2d 798, 873, 10 P.3d 977 (2000)).

[43] Davis, 141 Wn.2d at 873.

[44] Report of Proceedings Vol. 13 (September 1, 2015) at 1353 (emphasis added).

Delafuente did not object but she now challenges the above emphasized language.

As in Davis, nothing in this record indicates that the prosecutor made this comment to inflame the jury's passions or prejudices. Although this statement may have been a strong characterization of the evidence presented, we conclude that the prosecutor's comment was not "flagrant and ill intentioned."[45]

Delafuente contends that the prosecutor argued to the jury that Delafuente was actually guilty of the uncharged crime of murder to inflame the jury. But the prosecutor did not refer to the uncharged crime of murder by stating "the defendants would have successfully executed Mr. Powell." Rather, this statement reflects the State's characterization of the evidence presented to the jury.

In sum, Delafuente fails to establish that the comments to which she did not object below were flagrant and ill-intentioned that overcome her failure to object. They were not. We need not reach her substantive claims of prosecutorial misconduct.

## COSTS

Neither Delafuente nor the State raises the issue of the award of appellate costs in their appellate briefs. We do so sua sponte.

---

[45] Lindsay, 180 Wn.2d at 430.

14

Under our recent opinion in State v. Sinclair, the issue of appellate costs is to be decided by the panel that renders the decision.[46] We do so here.

Shortly after the trial court entered the judgment and sentence, Delafuente moved for review at public expense and appointment of an attorney. The trial court granted the motion.

Under Sinclair, there is a presumption that indigency continues unless the record shows otherwise.[47] We have reviewed this record and see nothing to overcome this presumption. Accordingly, an award to the State for appellate costs is inappropriate under these circumstances.

We affirm the judgment and sentence and decline to award costs on appeal to the State.

_Cox, J._

WE CONCUR:

_Leach, J._  _Becker, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 APR 17 AM 9:45

---

[46] 192 Wn. App. 380, 385, 367 P.3d 612 (2016), review denied, 185 Wn.2d 1034 (2016).

[47] Id. at 393.