IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35726-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NICHOLAS ANDRES FUENTES III, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Nicholas Andres Fuentes III appeals his conviction for second

degree assault. Mr. Fuentes argues that the case against him should have been dismissed

based on the delayed disclosure of a State's witness. Mr. Fuentes also challenges the trial

court's imposition of legal financial obligations (LFOs). We affirm Mr. Fuentes's

conviction but remand for correction of LFOs as warranted by recent statutory changes.

FACTS

In March 2017, Mr. Fuentes attempted to steal a can of beer from a gas station

convenience store. His actions caught the attention of the store clerk. When the clerk

confronted Mr. Fuentes about the attempted theft, Mr. Fuentes became irate. Mr. Fuentes

went around the store's checkout counter and began physically attacking the clerk.

During the skirmish, Mr. Fuentes broke one of the clerk's fingers before the clerk escaped

to outside the store. Once outside, the store clerk called for help from customers who were fueling their cars. Mr. Fuentes briefly chased the clerk before fleeing the scene.

Bruce Rhimer was one of the customers pumping gas during the altercation. He saw portions of the interaction between Mr. Fuentes and the store clerk. Mr. Rhimer also called 911.

Mr. Fuentes was charged with attempted first degree robbery and second degree assault. Trial was scheduled to begin on Monday, July 17, 2017. The Wednesday before trial, the State disclosed that it would be calling Mr. Rhimer as a witness. Although Mr. Rhimer's identity was previously disclosed through the 911 records, this was the first time the State had indicated that Mr. Rhimer would testify. The State explained its delay as attributable to difficulties making contact with Mr. Rhimer.

The disclosure of Mr. Rhimer as a State witness prompted Mr. Fuentes to make an oral motion for dismissal of charges under CrR 8.3(b). Mr. Fuentes also sought an alternative remedy of a short continuance of the trial date. However, Mr. Fuentes complained that the State's late disclosure should not force him to "choose between waiving his speedy trial right or going . . . to trial unprepared." Report of Proceedings (RP) (July 17, 2017) at 2. The trial court denied Mr. Fuentes's motion to dismiss, but granted a short continuance.

At trial, the State called four witnesses: the store clerk, Mr. Rhimer, and two police officers. Mr. Fuentes testified on his own behalf. After conclusion of the State's case-in-chief, the court dismissed the charge of attempted first degree robbery on grounds of insufficient evidence. A jury convicted Mr. Fuentes of the remaining second degree assault charge. The court sentenced Mr. Fuentes to 72 months' confinement and 18 months' community custody.

Mr. Fuentes now brings this timely appeal.

## ANALYSIS

### *Dismissal motion*

A trial court may dismiss a criminal charge under CrR 8.3(b) "due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." Disposition of a CrR 8.3(b) motion is reviewed for abuse of discretion. *State v. Williams*, 193 Wn. App. 906, 909, 373 P.3d 353 (2016).

Dismissal based on CrR 8.3(b) can be predicated on "simple mismanagement," rather than "evil or dishonest" conduct on behalf of the State. *State v. Garza*, 99 Wn. App. 291, 295, 994 P.2d 868 (2000). Nevertheless, dismissal is an "extraordinary remedy." *State v. Moen*, 150 Wn.2d 221, 226, 76 P.3d 721 (2003). When it comes to

a CrR 8.3(b) motion based on an alleged discovery violation, dismissal is inappropriate if a lesser remedial action, such as suppression of testimony, can adequately address prejudice to the defense. *State v. Salgado-Mendoza*, 189 Wn.2d 420, 430-31, 403 P.3d 45 (2017).

Here, Mr. Fuentes fails to show dismissal was necessary to preserve his right to a fair trial. Mr. Rhimer had long been identified as a witness to the events at the gas station. Mr. Rhimer did not offer any new information in support of the State's case. He instead corroborated the store clerk's testimony. In addition, although the State did not include Mr. Rhimer's name on its initial witness list, it did disclose Mr. Rhimer as a State's witness several days before trial. Mr. Fuentes never formally asked for suppression of the witness's testimony instead of dismissal. The only affirmative alternative to dismissal was a short continuance.[1] Given the foregoing circumstances, it was not manifestly unreasonable for the trial court to deny Mr. Fuentes's motion to dismiss. We find no abuse of discretion.

---

[1] During the hearing on the motion to dismiss, counsel for the State suggested that, if the trial court found there was prejudice, suppression would be a more appropriate remedy than dismissal. While defense counsel affirmed that she would be "happy with suppression," she reiterated that the "primary objective" of the motion was dismissal with an alternative remedy of continuance. RP (July 17, 2017) at 6.

No. 35726-1-III
*State v. Fuentes*

*LFOs*

Citing *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), Mr. Fuentes has

filed a supplemental brief, arguing the trial court erred in imposing a $200 criminal filing

fee and a $100 deoxyribonucleic acid (DNA) collection fee at sentencing.[2] *Ramirez* was

decided after Mr. Fuentes filed his opening brief. That decision held that the 2018

amendments[3] to Washington's LFO scheme apply prospectively to cases on direct

appellate review at the time of enactment. *Ramirez*, 191 Wn.2d at 747. The 2018

amendments prohibit imposition of a $200 criminal filing fee on defendants who are

"indigent" at the time of sentencing as that term is defined by RCW 10.101.010(3)(a)-(c).

RCW 36.18.020(2)(h). Also prohibited is the assessment of a DNA database fee if the

state has previously collected the defendant's DNA as a result of a prior conviction.

RCW 43.43.7541.

The record supports Mr. Fuentes's claim for relief from the $200 criminal filing

fee and $100 DNA collection fee. Mr. Fuentes has no financial resources. He is

unemployed and has no prospects for future employment. Accordingly, Mr. Fuentes

meets the definition of indigence set forth by RCW 10.101.010(3)(c). In addition, the

---

[2] The State has not responded to Mr. Fuentes's supplemental assignment of error.
[3] LAWS OF 2018, ch. 269.

5

record reflects that Mr. Fuentes has a lengthy felony history. We therefore accept defense counsel's uncontested representation that Mr. Fuentes has previously paid a $100 DNA collection fee.

Mr. Fuentes's request for LFO relief is granted. We direct the trial court to strike the $200 criminal filing fee and the $100 DNA collection fee from Mr. Fuentes's judgment and sentence.

## CONCLUSION

The judgment of conviction is affirmed. This matter is remanded to the trial court with instructions to strike the $200 criminal filing fee and $100 DNA collection fee from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

6