IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35741-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATTHEW SIMON GAROUTTE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Matthew Simon Garoutte was convicted after a bench trial of

one count of eluding a police vehicle. We affirm Mr. Garoutte's conviction, but remand

with instructions to strike two legal financial obligations from his judgment and sentence.

BACKGROUND

The events leading to Mr. Garoutte's arrest and conviction began when a Grant

County sheriff's sergeant attempted a vehicle stop of a two-door passenger car. The

sergeant observed that the driver appeared to be the car's sole occupant. The car did

not stop when the sergeant turned on his emergency lights. A two-minute chase ensued

and the car ultimately crashed into a ditch near a field. The sergeant arrived at the ditch

approximately thirty seconds after the crash. The sergeant did not see the driver get out

of the car, but he did spot a lone man running away from the scene. The sergeant lost

sight of the man when the man entered a tree line, but another deputy arrested a man on

the other side of the trees. No one else was seen at the site. The deputy identified the

arrested man as Matthew Garoutte. The State charged him with one count of attempting

to elude a pursuing police vehicle.

Mr. Garoutte's case proceeded to trial. Two days before trial, Mr. Garoutte

waived his right to a jury. The next day, the State added a new individual to its witness

list. The defense had received a video interview of the witness approximately two weeks

prior. Defense counsel also knew that the witness had substantial criminal history. The

defense moved to dismiss under CrR 8.3(b), arguing that amendment to the witness list

constituted prejudicial governmental mismanagement.

The trial court agreed that the State's late disclosure of the witness constituted

misconduct in the form of mismanagement. As a remedy, the court prohibited the witness

from testifying. Prior to the court's ruling, the State indicated that it had decided not to

call the witness in its case based on difficulties serving a subpoena and the discovery of

an outstanding warrant. At no point during the hearing on the motion to dismiss did

Mr. Garoutte seek to revoke his jury trial waiver.

At trial, Mr. Garoutte took the stand and testified in his defense. He claimed he

had merely been a passenger in the car, and testified that one of his uncle's friends was

the driver. According to Mr. Garoutte, he was laying down in the back seat of the car during the police chase. He explained that he was hiding from police to avoid being arrested on an outstanding warrant.

The court convicted Mr. Garoutte as charged. He appeals, claiming (1) the trial court erroneously denied his motion to dismiss and (2) insufficient evidence supports his conviction.

## ANALYSIS

*Governmental mismanagement and waiver of jury trial*

A motion to dismiss for governmental mismanagement is reviewed for abuse of discretion. *State v. Williams*, 193 Wn. App. 906, 909, 373 P.3d 353 (2016). This is a deferential standard. Discretion is abused only when the trial court has taken a position no reasonable judge would adopt. *State v. Martinez*, 121 Wn. App. 21, 30, 86 P.3d 1210 (2004).

The mere existence of governmental mismanagement does not mandate dismissal. Dismissal is warranted only when no other option will rectify the prejudice caused by the mismanagement. *State v. Sherman*, 59 Wn. App. 763, 767, 801 P.2d 274 (1990). Intermediate remedies, such as a continuance or exclusion of witness testimony, should be attempted before a trial court resorts "to the extraordinary remedy of dismissal."

*State v. Wilson*, 149 Wn.2d 1, 12, 65 P.3d 657 (2003).  The defense must prove the

government's mismanagement warrants dismissal.  *State v. Michielli*, 132 Wn.2d 229,

240, 937 P.2d 587 (1997).

Here, Mr. Garoutte argues excluding the late-disclosed witness was inadequate to

remedy the State's late disclosure.  According to Mr. Garoutte, he would not have waived

his right to a jury trial if he had known the State might call the witness in its case-in-chief.

We are not swayed by Mr. Garoutte's reasoning.  After Mr. Garoutte filed his

motion to dismiss, the State voluntarily offered to not call the new witness.  The trial

court confirmed the State's election and ordered that the witness not be allowed to testify.

These circumstances placed Mr. Garoutte in the same position as when he originally

waived his jury right.  A reasonable jurist could find that decision eliminated any

prejudice from the late disclosure.  Accordingly, the trial court's disposition did not

undermine Mr. Garoutte's jury trial waiver and, as a result, Mr. Garoutte has failed to

show an abuse of discretion.

*Sufficiency of the evidence*

To secure a criminal conviction, due process mandates that each element of the

crime charged be supported by sufficient evidence.  *State v. Colquitt*, 133 Wn. App. 789,

796, 137 P.3d 892 (2006). "[F]ollowing a bench trial, appellate review is limited to

4

determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). "Sufficient evidence supports a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime [are met] *beyond a reasonable doubt*.'" *State v. Boyle*, 183 Wn. App. 1, 6, 335 P.3d 954 (2014) (quoting *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980)).

Mr. Garoutte claims the State presented insufficient evidence showing he was driving the car that eluded the police. We disagree. The State's circumstantial evidence showed there was only one occupant of the suspect vehicle. Not only was there only one individual visible during the police chase, but only one person (aside from law enforcement) was located at the scene after the vehicle crash. That person was Mr. Garoutte. This combination of circumstances was sufficient to support the trial court's finding that Mr. Garoutte was driving the car.

Mr. Garoutte challenges several of the trial court's predicate findings, leading up to the ultimate finding that Mr. Garoutte was the driver of the suspect vehicle. In essence, Mr. Garoutte claims that because there were gaps in the law enforcement officers' observations of the vehicle crash and the running suspect, the evidence was consistent

with Mr. Garoutte's claim of innocence and the trial judge was precluded from finding

otherwise.[1]  Mr. Garoutte's arguments are unavailing as they conflict with the applicable

standard of review.  "When the sufficiency of the evidence is challenged in a criminal

---

[1] Specifically, Mr. Garoutte challenges the trial court's findings that:

・ The sheriff's deputy only saw one person in the suspect vehicle—according to Mr. Garoutte, there may have been two people in the vehicle.

・ Given that it was approximately 8:00 p.m. on August 30, there was still some light at the time of the vehicle crash—Mr. Garoutte claims this finding was precluded by the officers' testimony that it was dark during their investigation and they used flashlights.

・ Mr. Garoutte was the person that the sergeant and deputy saw running in the field —according to Mr. Garoutte there could have been someone else since there were times when the officers lost sight of the person.

・ The isolated nature of the field and the short amount of time between the crash and the sergeant's arrival supported finding that the person seen running in the field was the vehicle's sole occupant—again, Mr. Garoutte claims that the officers' limited observations did not rule out the possibility of another person.

・ There was no known reason why any driver other than Mr. Garoutte would have attempted to elude police or fled on foot—Mr. Garoutte claims the reason for running was the outstanding warrant.

・ There was no evidence of another person running from the car or being present in the field—Mr. Garoutte points out that he testified there was another person in the car.

・ The investigating officers did not see a second person in the field—given that it was dark, Mr. Garoutte claims that this doesn't mean there was not another person.

・ Mr. Garoutte's attempts to escape apprehension in the field were similar in intensity to the driver's attempt to elude—Mr. Garoutte does not explain his objection except to state that he ran because he knew he had a warrant.

・ Mr. Garoutte's claim that he was laying in the back seat of the car during the entire episode was hard to believe—Mr. Garoutte claims the number of law enforcement in the area made his claim believable.

Appellant's Opening Br. at 32-35.

case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Here, it was reasonable for the trial court to infer that had another individual been present, he or she would have come to the attention of law enforcement. The trial court's findings were proper.

*Legal financial obligations*

Citing recent changes to state law and the Supreme Court's decision in *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), Mr. Garoutte argues a criminal filing fee and DNA[2] collection fee should be struck from his judgment and sentence. The State does not challenge this request.

We agree Mr. Garoutte is entitled to such relief. At the time of sentencing, Mr. Garoutte was indigent as defined by RCW 10.101.010(3)(a). He is therefore exempt from paying the $200 criminal filing fee. RCW 36.18.020(2)(h). Mr. Garoutte also proffers that, based on his prior felony record, he has already provided a DNA sample and therefore need not pay a DNA collection fee. RCW 43.43.7541. Based on the State's failure to challenge that claim, we accept this proffer and conclude the DNA fee should be struck from Mr. Garoutte's judgment and sentence.

---

[2] Deoxyribonucleic acid.

No. 35741-4-III
*State v. Garoutte*

## CONCLUSION

Mr. Garoutte's conviction is affirmed. This matter is remanded with instructions to strike the $200 criminal filing fee and $100 DNA collection fee from Mr. Garoutte's judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

8